**LEWIS G. MOORE & CO., Plaintiff,**

v.

**MASSEY–FERGUSON, INC., Defendant.**

**No. 89–0306–CV–W–8.**

United States District Court,
W.D. Missouri, W.D.

Jan. 8, 1991.

Peter L. Griffith, Duane J. Fox, Burrell, Seigfreid & Bingham, P.C., Kansas City, Mo., for plaintiff.

William T. Smith, III, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

## ORDER

STEVENS, District Judge.

## I. INTRODUCTION

Plaintiff brought this action to recover money for certain farm equipment allegedly repurchased from plaintiff by defendant. The case is currently before the court on plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment. For the reasons set forth herein, plaintiff's motion is granted and defendant's motion is denied.

## II. FACTUAL SUMMARY

Plaintiff was a retailer of farm implements, machinery, attachments and repair parts until Mr. Lewis G. Moore's retirement in late 1988. Defendant is a distributor of these farm products. In March, 1976, plaintiff and defendant entered into a Dealer Sales and Service Agreement (the "Massey–Ferguson Agreement"), whereby defendant agreed to sell and plaintiff agreed to purchase farm implements, machinery, attachments and repair parts. The Massey–Ferguson Agreement provided that defendant would repurchase from plaintiff, upon termination of the agreement, all unused inventory purchased from defendant.

On May 9, 1986, plaintiff executed a letter acknowledging the substitution of Massey Combines Corporation ("MCC") for defendant. The letter, signed also by defendant and MCC, states that "MCC products previously purchased from Massey–Ferguson Inc. and now in your inventory, will continue subject to repurchase, in the event of termination of contract, in accordance with the relevant terms and conditions of the Massey–Ferguson Inc. Dealer Sales and Service Agreement." Defendant's Exhibit B, p. 2. The following month, plaintiff signed a Dealer Sales and Service Agreement with MCC (the "MCC Agreement").

In November, 1988, plaintiff notified defendant and MCC that Lewis G. Moore, President of the plaintiff company, was retiring and terminating his dealership. By return letter dated December 3, 1987, defendant notified plaintiff to return its inventory to defendant for repurchase pursuant to the Massey–Ferguson Agreement. Plaintiff thereafter returned inventory to defendant for repurchase, and defendant accepted the same. On March 9, 1988, defendant notified plaintiff that it had finished processing the returned inventory and that it would send a credit invoice to plaintiff within two weeks. Defendant now refuses to pay plaintiff for the repair parts inventory which was returned and valued by defendant at $96,176.21.

Plaintiff has brought suit, seeking recovery on several grounds: violation of the Missouri Dealer Buy–Back statute, breach of contract, conversion, agent's liability for an undisclosed principal, estoppel, and unjust enrichment. Plaintiff seeks partial summary judgment under the Missouri Dealer Buy–Back statute and for breach of contract.[1] Defendant argues in its cross-motion for summary judgment that the substitution of MCC for defendant, under the May 9, 1986 letter and the MCC Agreement, constituted a novation of defendant's contract with plaintiff and thereby released defendant from all further obligations under the Massey–Ferguson Agreement.

### III. LEGAL ANALYSIS

#### A. Standard for Summary Judgment

In reviewing the parties' respective motions for summary judgment, the court must consider whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has explained that there is no genuine issue for trial unless sufficient evidence exists for a jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If [such] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (citations omitted). Any inferences to be drawn from the facts, however, must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than "rest upon the mere allegations or denials" in its pleadings, Fed.R.Civ.P. 56(e), or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. Rather, the nonmoving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed.R.Civ.P. 56(e)).

Finally, the court notes that summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1).

In the case at bar, the only factual issue that is contested by defendant is whether the repair parts in plaintiff's inventory at November, 1987 were purchased from defendant prior to May, 1986, rather than from MCC after May, 1986. Defendant offers no evidence, however, which supports its contention or that rebuts the affidavit testimony submitted by plaintiff, indicating that the returned inventory was purchased from defendant. This absence of proof fails to satisfy defendant's burden under Rule 56(e). The court thus finds that there is no genuine issue of material fact, and the case is properly resolved on summary judgment.

#### B. The Missouri Dealer Buy–Back Statute

■ The Missouri Code provides that: [w]henever any retailer enters into a written or oral contract with a wholesaler, manufacturer or distributor wherein the retailer agrees to maintain an inventory [in farm equipment] and the contract is terminated by the wholesaler, manufacturer, distributor or retailer, or upon the retailer's retirement at sixty-

---

1. Plaintiff's motion effectively is for full summary judgment. While the pleading is titled "Motion for Partial Summary Judgment," plaintiff states that he "intends to discontinue proceeding with the alternative theories of liability" if the motion is granted either on the statutory claim or on the breach of contract claim. Plaintiff's Suggestions in Support of Motion for Partial Summary Judgment, p. 2.

two years of age or older, then the retailer may require the repurchase of the inventory.

Mo.Ann.Stat. § 407.855 (Vernon 1990). The statute also requires that "[t]he wholesaler, manufacturer or distributor shall repurchase that inventory previously purchased from him and held by the retailer at the date of termination of the contract." Mo.Ann.Stat. § 407.860.

These provisions clearly apply in the present case. Plaintiff was a retailer within the meaning of Mo.Ann.Stat. § 407.850(5); plaintiff and defendant had a contract between themselves to supply inventory for plaintiff; the contract was terminated by plaintiff; plaintiff held inventory, as defined under § 407.850(3), at the date of termination, and which was purchased from defendant; and plaintiff requested defendant to repurchase the inventory. Defendant thus violated the statute by refusing to repurchase plaintiff's repair parts inventory. *See* Mo.Ann.Stat. § 407.860.

### C. Novation

█ Defendant argues that it is not liable under the statute above because the May, 1986 substitution of MCC for defendant constituted a novation which extinguished all repurchase obligations of defendant under the Massey–Ferguson Agreement.

The May, 1986 substitution letter and the MCC Agreement, however, both contradict this assertion. The substitution letter, signed by plaintiff, defendant, and MCC, clearly states that "MCC products previously purchased from Massey–Ferguson Inc. and now in your inventory, *will continue subject to repurchase*, in the event of termination of contract, *in accordance with the relevant terms and conditions of the Massey–Ferguson Inc. Dealer Sales and Service Agreement.*" Defendant's Exhibit B, p. 2 (emphasis added). Defendant, and not MCC, is the only party with a duty to repurchase from plaintiff under the

Massey–Ferguson Agreement. *See* Plaintiff's Exhibit A, p. 8, ¶ 24.

The MCC Agreement, on which defendant relies, likewise indicates that the substitution of MCC for defendant was not a novation that extinguished all of defendant's repurchase obligations under the Massey–Ferguson Agreement. Paragraph 36 of the MCC Agreement states that MCC "shall repurchase from [plaintiff] ... all unsold, new, unused, complete and undamaged machines, attachments, and accessories ... and all unsold, new, unused, and undamaged parts ... which ... *had been sold and delivered by [MCC] to [plaintiff] under the [MCC] Agreement.*" Defendant's Exhibit C, p. 10, ¶ 36 (emphasis added).

Nowhere does the MCC Agreement mention any duty of MCC to repurchase inventory previously sold to plaintiff by defendant. The court thus fails to see how the substitution relieved defendant of its repurchase obligation to plaintiff. Rather, the MCC Agreement and the May, 1986 substitution letter indicate that MCC and defendant were each liable for repurchasing the inventory which each party had sold to plaintiff. While defendant may have been released from its duty to supply plaintiff's inventory, it clearly had a continuing duty to repurchase the repair parts that it previously sold to plaintiff and which were still in plaintiff's inventory at the date of termination.[2] *See Howe v. Varity Corp.*, No. 88–1598–E (S.D.Iowa, July 14, 1989) (1989 Westlaw 95595) (rejecting Massey–Ferguson's argument that its pension and welfare obligations were released by novation upon the transfer of employees to MCC).

### D. Damages

█ Plaintiff argues that it is entitled under the statute to recover twice its damages. The statute addresses the damages issue in two separate provisions. First, Mo.Ann.Stat. § 407.860 states that a "wholesaler, manufacturer or distributor shall pay ... ninety-five percent of the

---

**2.** Because the court has rejected defendant's novation argument and determined that defendant is liable to plaintiff under the Missouri Dealer Buy–Back statute, it does not address plaintiff's motion for summary judgment on the claim for breach of contract.

current net price of all new, unused and undamaged repair parts." Sec. 407.860 also provides that the distributor shall either perform the handling, packing and loading of the repair parts, or pay the retailer five percent of their current net price to cover the cost of handling, packing and loading. Finally, sec. 407.860 provides that the retailer pay the freight costs to the distributor's warehouse or to a mutually agreeable site.

The second provision, Mo.Ann.Stat. § 407.875, states that "[i]f any wholesaler, manufacturer or distributor shall fail or refuse to repurchase any inventory ... he shall be civilly liable for one hundred percent of the current net price of the inventory, plus any freight charges paid by the retailer, the retailer's attorney's fees, and court costs."

Plaintiff contends that these provisions should be read cumulatively. Specifically, plaintiff argues that § 407.875 "augments" the recovery provided under § 407.860 by assessing a 100 percent penalty against a recalcitrant distributor and allowing the retailer to recover double the value of the returned inventory. Plaintiff's Reply and Suggestions in Support, p. 20.

Plaintiff does not support its interpretation of the statute either with caselaw or citation to legislative history,[3] but instead, plaintiff reasons that double recovery is necessary to provide a "substantial incentive for a manufacturer to comply" with the statute. *Id.* The court is not inclined to entertain unsubstantiated policy arguments which are more appropriately made to the state legislature drafting the statute. The fact is that the legislature easily could have provided double damages for a distributor's failure to repurchase, but apparently declined to do so. *See, e.g.,* Mo.Ann. Stat. §§ 407.410(1), 537.300, 537.330, 537.-340 (each clearly specifying double or treble damages).

The damage provisions at issue, secs. 407.860 and 407.875, are independent provisions that provide different degrees of recovery against different distributors. While sec. 407.860 addresses a retailer's recovery against a nonrecalcitrant distributor, sec. 407.875 provides a greater recovery against "any wholesaler, manufacturer or distributor [who] fail[s] or refuse[s] to repurchase any inventory as required by section 407.860." These provisions clearly address different circumstances and thus are not to be read cumulatively. *See Int'l Harvester Credit Corp. v. Seale,* 518 So.2d 1039 (La.1988) (construing similarly-drafted Louisiana Buy–Back statute as not providing double damages).

The court thus finds that plaintiff is entitled to recover 100 percent of the current net price ($96,176.21) of the returned and qualified repair parts, plus reasonable attorney's fees and costs, as provided in sec. 407.875. Plaintiff waived any right to recover the freight costs permitted under sec. 407.875, and thus freight costs are not awarded. *See* Plaintiff's Suggestion in Support of Motion for Partial Summary Judgment, p. 11. In addition, under sec. 407.855 plaintiff is awarded interest on $96,176.21 at the statutory rate, commencing 60 days after the date on which all repair parts were returned, or May 9, 1988. *See* Plaintiff's Suggestions in Support of Motion for Partial Summary Judgment, p. 4. Accordingly, it is

ORDERED that plaintiff's motion for partial summary judgment is granted, and defendant's cross-motion for summary judgment is denied. It is further

ORDERED that judgment is hereby entered in favor of plaintiff and against defendant in the amount of $96,176.21. Interest on this amount, at the rate specified in Mo.Ann.Stat. § 408.040, is awarded to plaintiff and payable by defendant as of May 9, 1988 and accruing through the date on which defendant satisfies the judgment to plaintiff. It is further

---

**3.** Plaintiff reserved the right to address the statute's legislative history at a later date, if the court finds the statute to be ambiguous. Plaintiff's Reply and Suggestions in Support, p. 21–22. This is a peculiar position to take when plaintiff's request for summary judgment is at issue before the court, and interpretation of the relevant statute, whether the court finds it ambiguous or not, is central to a resolution of the dispute.

ORDERED that reasonable attorney's fees and costs will be awarded to plaintiff upon further order of this court. Plaintiff shall file with the court within 20 days of the date of this order a detailed schedule of its attorney's fees and costs.